United States District Court
District of Massachusetts

|   |   |
|---|---|
| Elias Sanchez,<br><br>      Petitioner,<br><br>      v.<br><br>Nelson Alves,<br><br>      Respondent. | Civil Action No.<br>22-cv-10746 |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before this Court is the renewed motion for appointment of counsel of petitioner Elias Sanchez ("petitioner") (Docket No. 36). In August, 2022, this Court denied petitioner's initial motion to appoint counsel without prejudice because of the early stage of the litigation (Docket No. 5).

Petitioner has since filed a memorandum of law in support of his petition for habeas relief (Docket No. 30). He represents that his memorandum was prepared with the assistance of pro bono counsel but that said counsel is no longer willing to assist with his case. He argues that his motion should be

allowed because 1) he is indigent, 2) his case is complex and 3) he dropped out of high school in tenth grade and lacks any legal training.

The Court is not persuaded that appointment of counsel in this case is warranted. Under 18 U.S.C. § 3006A, a court may appoint counsel for financially eligible petitioners seeking habeas relief if the interest of justice so requires. See 18 U.S.C. § 3006A(a)(2). The First Circuit Court of Appeals has identified three criteria by which a reviewing court may assess whether the habeas case before it is the rare one in which appointment of counsel is warranted:

> (1) the likelihood of success on the constitutional claim;
> (2) the factual complexity and legal intricacy of the claim; and
> (3) the ability of the prisoner to investigate and develop the factual record necessary to the claim.

Cavitt v. Saba, 2012 WL 4094358, at *1 (D. Mass. Sept. 14, 2012) (citing United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993)).

Under the first criteria, petitioner is unlikely to succeed given the high bar for a claim of ineffective assistance of counsel in the habeas context. See Ayala v. Alves, 85 F.4th 36, 55-56 (1st Cir. 2023).

Under the second criteria, petitioner's case is not so legally or factually complex that appointment of counsel is warranted. See Nolan v. United States, 870 F. Supp. 2d 254, 265-66 (D. Mass. 2012) (finding appointment of counsel was not warranted where habeas petitioner brought, among other things, an ineffective assistance of counsel claim because the factual record and legal arguments at issue were straightforward).

Under the third criteria, appointment of counsel is not mandated solely to assist petitioner with his reply to respondent's memorandum in opposition to the petition for a writ of habeas corpus. Petitioner purports to have already received the assistance of counsel in the preparation of his earlier pleadings. The filing of a reply does not warrant the appointment of counsel. In addition, petitioner's latest pro se motion demonstrates that he can write clearly and competently. See Holloway v. N.H. State Prison Warden, 2022 WL 21781655 (D.N.H. Nov. 22, 2022).

**ORDER**

For the foregoing reasons, petitioner's renewed motion for appointment of counsel (Docket No. 36) is **DENIED**.

**So ordered.**

                                                               /s/ Nathaniel M. Gorton  
                                                               Nathaniel M. Gorton  
                                                               United States District Judge

Dated June 20, 2024